**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

In Re:  Mohamed E. Hassan,            Case No:  10-19957-RGM
       Miriam A. Hassan,            Chapter 13
            Debtors                AP No. _____

Mohamed E. Hassan,
Miriam A. Hassan,

       Plaintiffs,

v.

Deutsche Bank Trust Company Americas
as Trustee for RALI2006QA7;  GMAC
Mortgage, LLC;  ETS of Virginia, Inc.,
a Virginia corporation, as Substitute Trustee;
Larry F. Pratt, as Trustee,

       Defendants.

**COMPLAINT
TO SET ASIDE TRUSTEE'S SALE,
AND FOR DAMAGES**

      Come now Plaintiffs Mohamed E. Hassan and Miriam A. Hassan, Debtors, by counsel, and say as follows:

1. Plaintiffs are before this court as chapter 13 debtors in the above captioned case number 10-19957-RGM, which chapter 13 case was commenced on November 27, 2010.

2. Thomas P. Gorman, Esquire, is the chapter 13 Trustee.

3. This complaint is filed, under 11 United States Code Sections 105, 541, 1303 and 1306, to set declare as void and to set aside a purported Trustee's sale, carried out on about July 21, 2010, of Debtors' family home located at 3500 James Madison Highway, Haymarket,

Virginia 20169 which family home is more particularly – and correctly -- described as follows:

> **BEGINNING WITH AT A POINT IN THE NORTHWEST RIGHT-OF-WAY OF JAMES MADISON HIGHWAY, A/K/A U.S ROUTE 15, CORNER TO OEYTON, PROCEEDING SOUTH 87 DEGREES 14'41" WEST, 480.94 FEET TO AN IRON POST UPON CORNER TO PEYTON, PERRY AND SMITH, THEN PROCEEDING WITH PERRY NORTH 2 DEGREES, 39'40" 1178.56 ACRES TO A POINT TO AN IRON POST FOUND AT THE CORNER TO SMITH, PERRY AND LEE, PROCEEDING WITH THE BOUNDARY OF LEE, SOUTH 82 DEGREES, 37'27" EAST 582.57 FEET TO AN IRON POST FOUND AT THE CORNER TO LEE AND SMITH AT THE EDGE OF THE RIGHT-OF-WAY OF JAMES MADISON HIGHWAY, BEING U.S. ROUTE 15, THENCE PROCEEDING WITH THE RIGHT-OF-WAY OF U.S. ROUTE 15 SOUTH, 8 DEGREES, 1'12" WEST 1,090.05 FEET TO THE POINT OF BEGINNING.**

("Subject Property") and for an award to Plaintiffs of their monetary damages, attorneys fees and costs, jointly and severally, against defendants GMAC Mortgage, LLC, Deutsche Bank Trust Company Americas as Trustee for RALI2006QA7, ETS of Virginia, Inc., a Virginia corporation, as Substitute Trustee and Larry F. Pratt, as Trustee.

4. Jurisdiction lies with this court under 28 USC §151, 28 USC §157 and 28 USC §1334. This is a core proceeding under 28 USC §157(b)(2).

5. Included in the chapter 13 estate of this case is said previously described Subject Property.

6. On information and belief, Defendant GMAC Mortgage, LLC ("GMAC") is the beneficiary of a deed of trust encumbering the Subject Property dated as 2/23/2005, as Instrument No. 200502250029935, and recorded in the Clerk's Office, Circuit Court, Prince William County, Virginia, which deed of trust secures a certain promissory note given by Plaintiffs and dated on about 2/23/2005 ("GMAC Deed of Trust").

7. On information and belief, defendant DEUTSCHE BANK claims to be a successor in interest to GMAC with respect to GMAC's right, title and interest in and to the GMAC Deed of Trust, and further claims to be the purchaser of the Subject Property at the trustee's sale of the Subject Property which occurred on about July 21, 2010.

8. On information and belief defendant ETS of Virginia, Inc., as Substitute Trustee ("ETS") is a Virginia corporation and conducted the trustee's sale of the Subject Property which occurred on about July 21, 2010.

9. On information and belief, defendant Larry F. Pratt, as Trustee ("PRATT"), is a natural person and a resident of the Commonwealth of Virginia, and was the original trustee under the GMAC Deed of Trust.

10. On information and belief, GMAC conspired with defendants DEUTSCHE BANK, ETS and PRATT, and each of them, to intentionally, unlawfully and fraudulently deprive Plaintiffs of the Subject Property.

11. From the inception in about 2/23/2005 of the note secured by the GMAC Deed of Trust ("GMAC Note") until approximately January, 2010, the monthly payment due under the GMAC Note was $5,093.63.

12. From the inception of the GMAC Note until about January, 2010, Plaintiffs made the monthly payment due under the GMAC Note in full and on time.

13. From the inception of the GMAC Note until about 2009, Plaintiffs always paid the yearly real property taxes assessed upon the Subject Property, in full, and directly to Prince William County.

14. On information and belief, in 2009, without lawful right, cause, notice or explanation to Plaintiffs, GMAC paid the Prince William County real property taxes due on the Subject Property for 2009, in the amount of approximately $8,452.59. GMAC then, unlawfully, and in breach of its duties and obligations under the GMAC Note and the GMAC Deed of Trust, demanded reimbursement from Plaintiffs for the real property taxes it wrongfully and unlawfully paid.

15. Plaintiffs contacted GMAC, advised GMAC that Plaintiffs has already paid the real property taxes and requested that GMAC resolve the matter with Prince William County. GMAC refused to accept responsibility for its mistake and referred Plaintiffs to Prince William County.

16. Plaintiffs contacted Prince William County to resolve the duplicate payment of the property taxes on the Subject Property, but Prince William County refused to speak to Plaintiffs about the matter, stated that Prince William County would only with GMAC with respect to the payment of real property taxes, and directed Plaintiffs to contact GMAC to straighten out the matter.

17. Plaintiffs once again contacted GMAC about the duplicate payment of real property taxes, yet GMAC refused to credit Plaintiffs for Plaintiff's duplicate payment of property taxes and continued to demand that GMAC be reimbursed for the duplicate property taxes GMAC had unlawfully paid to Prince William County.

18. On information and belief, Prince William County, in early 2010, sent GMAC a refund of the duplicate property tax payments, but GMAC failed to credit that refund to Plaintiff's account and continued to claim, falsely and fraudulently, that Plaintiffs were in arrears in the payments due under the GMAC Note.

19. In January, 2010, Plaintiffs tendered a check to GMAC for the sum of $9,478.72, which was the total then due to GMAC for all payments due under the GMAC Note, whether principal, interest, taxes or otherwise. To the date of this complaint, GMAC has failed to give Plaintiffs credit for this payment, and intentionally, fraudulently and unlawfully persisted in falsely claiming that Plaintiffs were in arrears and/or in default in their payments due under the GMAC Note.

20. Plaintiffs, beginning in about January, 2010, made repeated attempts to reach a responsible party at GMAC to resolve this matter, and were eventually able to speak with a "GMAC Manager" of the GMAC Loss Mitigation Group, by the name of Kristian Salazar, via her telephone number of (800) 850-4622; via her fax number of (866) 501-1610, and via her email of: [kristian.salazar@ictgroup.com](mailto:kristian.salazar@ictgroup.com).  As a result of these contacts, GMAC offered Plaintiffs a modification of the GMAC Note and GMAC Deed of Trust on about January 13, 2010.  At that time, Kristian Salazar in concert with GMAC Agent Ana Maria, agreed on behalf of GMAC to modify Plaintiff's loan payment under the GMAC Note and GMAC Deed of Trust to a principal and interest payment of $4,000.00 per month effective February 1, 2010.

21. Pursuant to the January 13, 2010 agreement by GMAC to modify the Plaintiff's obligations under the GMAC Note and GMAC Deed of Trust, GMAC confirmed in writing, via its

statement to Plaintiffs dated January 15, 2010, that Plaintiffs had been granted a loan modification, as follows:

> "Your special repayment plan request has been honored. Your next installment due is 03/01/10 in the amount of $4,000.00."

22. Nevertheless, despite GMAC's offer of, and confirmation of, a modification of Plaintiffs' obligations under the GMAC Note and GMAC Deed of Trust, GMAC intentionally, unlawfully, fraudulently and in breach of its loan modification agreement, began to harass, annoy, bother and pester Plaintiffs with repeated phone calls. Plaintiffs' repeatedly explained to GMAC's callers that GMAC had agreed to a modification of Plaintiffs' obligations under the GMAC Note and GMAC Deed of Trust, but Plaintiff's explanations were rejected without reason and GMAC's callers continued to unlawfully and fraudulently threaten, harass, annoy, bother and pester Plaintiffs. Plaintiffs repeatedly attempted to re-contact GMAC Manager Kristian Salazar in an effort to work out the confusion, but she refused to take their call.

23. On about February 9, 2010, in an attempt to correct the situation, Plaintiffs wrote to GMAC Manager Kristian Salazar and recited Plaintiffs' agreement with GMAC, and requested the assistance of Manager Kristian Salazar to clear up the situation. Despite the fact that Plaintiff requested to be contacted on his cellular phone and provided the number at where he could be reached, no one from GMAC, whether Manager Kristian Salazar or otherwise, would discuss the matter with Plaintiffs.

24. Intentionally, unlawfully and fraudulently in breach of its agreement to modify the Plaintiffs' obligations under the GMAC Note and GMAC Deed of Trust, on about February 22, 2010, GMAC purported to "cancel" the loan modification agreement stating *inter alia*:

"We apologize for any confusion with the three-month repayment plan …."

25. Thereafter GMAC intentionally, unlawfully, fraudulently and in breach of its agreement to modify Plaintiffs' obligations under the GMAC Note and GMAC Deed of Trust refused to accept the payments called for by the January, 2010 loan modification agreement and failed and refused to, in good faith, evaluate Plaintiffs for a permanent loan modification.

26. On about July 21, 2010, GMAC, DEUTSCHE BANK, ETS and PRATT, conspired to and did, without providing notice of said sale to Plaintiffs as required by Section 55-59.1 of the Code of Virginia (1950) (as amended), conduct a Trustee's sale of what purported to be the Subject Property ("Trustee's Sale") to DEUTSCHE BANK as the claimed "highest bidder", for an alleged $662,623.76 ("Foreclosure Sale Price"), which Foreclosure Sale Price was intentionally and fraudulently well below the then assessed valuation of $739,000 for the Subject Property, and <u>which Foreclosure Sale Price was controlled by an agreement among potential bidders at such sale, including, without limitation, GMAC and DEUTSCHE BANK</u>.

27. Subsequently to said Trustee's Sale, defendants, and each of them, through their agent ETS, recorded, in the Prince William County Circuit Court records, on about August 6, 2010, as Instrument Number 201008060067596, a void "Substitute Trustee's Deed" which **incorrectly** set forth the following as the legal description of the Subject Property:

> **ALL OF THE FOLLOWING PARCEL OF REAL PROPERTY, WITH IMPROVEMENTS THEREON, LOCATED IN THE COUNTY OF PRINCE WILLIAM COUNTY, COMMENWEALTH OF VIRGINIA AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING WITH AT A POINT IN THE NORTHWEST RIGHT-OF-**

**WAY OF JAMES MADISON HIGHWAY, A/K/A U.S ROUTE 15, CORNER TO PEYTON, PROCEEDING SOUTH 87 DEGREES 14'41"WEST, 480.94 FEET TO AN IRON POST UPON CORNER TO PEYTON, PERRY AND SMITH, THEN PROCEEDING WITH PERRY NORTH 2 DEGREES, 39'40" 1178.56 ACRES TO A POINT TO AN IRON POST FOUND AT THE CORNER TO SMITH, PERRY AND LEE, PROCEEDING WITH THE BOUNDARY OF LEE, SOUTH 82 DEGREES, 37'27"EAST 582.57 FEET TO AN IRON POST FOUND AT THE CORNER TO LEE AND SMITH AT THE EDGE OF THE RIGHT-OF-WAY OF JAMES MADISON HIGHWAY, BEING U.S. ROUTE 15, THENCE PROCEEDING WITH THE RIGHT-OF-WAY OF U.S. ROUTE 15 SOUTH, 8 DEGREES, 1'12" WEST 1,090.05 FEET TO THE POINT OF BEGINNING.**

**("Purported Substitute Trustee's Deed").**

28. Subsequently to said Trustee's Sale, defendants, and each of them, through their agent and co-conspirator DEUTSCHE BANK, brought an action to evict Plaintiffs from their home on the basis of the unnoticed Trustee Sale and the Purported Substitute Trustee's Deed: Deutsche Bank Trust Company Americas as Trustee v. Mohamed E. Hassan and Miriam Hassan, Prince William General District Court Case No. GV10014325-00 ("Eviction Proceeding").

29. A Judgment in said Eviction Proceeding was issued on about September 17, 2010. Plaintiffs duly appealed said Judgment on about September 27, 2010, and deposited an appeal bond with the Prince William County Circuit Court in the amount of $10,500.00: Deutsche Bank

Trust Company Americas as Trustee v. Mohamed E. Hassan and Miriam Hassan, Prince William County Circuit Court Case No. 153CL10005968-00 ("Appeal Proceeding".)

30. Said Appeal Proceeding was pending at the time of the filing of the Plaintiff's chapter 13 petition, and has now been stayed by the automatic stay in force in Plaintiff's related chapter 13 case (10-19957-RGM).

31. By seeking relief from the automatic stay in Plaintiffs' related chapter 13 case, and by availing themselves of Virginia's statutory scheme for notice of sale and enforcement of the GMAC Deed of Trust, defendants, and each of them, have subjected themselves to the requirements of the 5th and 14th Amendments to the United States Constitution, and specifically the requirement to not deprive any person of property without due process of law.

32. The "notice" of the Trustee's Sale was not constitutionally sufficient as Plaintiffs did not receive any notice whatsoever of such Trustee's Sale prior to the sale being conducted.

33. The Trustee's Sale is void as an unconstitutional taking of property without due process of law by virtue of the Trustee's failure to give notice to Plaintiffs.

34. The Purported Substitute Trustee's Deed is void for failing to accurately describe the Subject Property (that is, the same property which is referred to in the GMAC Deed of Trust and GMAC Note.)

35. Plaintiffs have been intentionally, unlawfully and fraudulently deprived of their family home by the acts and omissions of GMAC, DEUTSCHE BANK, ETS and PRATT, as set forth herein, and as Plaintiffs anticipate will be further established through lawful discovery within the scope of this adversary proceeding.

36. Plaintiffs are able to pay the payments set forth in GMAC's loan modification agreement and wish to retain their home through the reorganization of their financial obligations under their chapter 13 case.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, declaring the July 21, 2010 Trustee's Sale to be void and invalid, ordering Defendants to reconvey the Subject Property to Plaintiffs, ordering Defendants and each of them to pay Plaintiffs attorneys fees, costs and expenses incurred in connection with the Eviction Proceeding, the Appeal Proceeding and this adversary proceeding, and for such other and further relief as the Court may judge just and proper.

Respectfully submitted,
Mohamed E. Hassan
Mirian A. Hassan,
by Counsel

Date: **January 3, 2011**

/s/ Scott Alan Weible
Scott Alan Weible, VSB #75633
Law Offices of Scott Alan Weible, P.L.L.C.
The Haymarket Professional Building
14540 John Marshall Highway, Suite 201
Gainesville, VA   20155-1693
(703) 754-2092; (703) 754-2093 Fax
scott@weible.com