# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re:<br><br>MOHAMED E. HASSAN and<br>MIRIAM A. HASSAN,<br><br>      Debtors. | Case No. 10-19957-RGM<br>(Chapter 13) |

## ORDER

THIS CASE is before the court on the application for compensation of Scott Alan Weible, PLLC. Prior to the filing of the petition in bankruptcy in this case, the debtors' home was sold at foreclosure. The debtors retained Scott Alan Weible, PLLC, to represent them in the bankruptcy and to set aside the foreclosure. Mr. Weible was successful in setting aside the foreclosure through a combination of litigation and negotiation. The property is now titled in the debtors' names and the debtors made a significant payment for post-petition mortgage payments that the bank would not accept during the pendency of the dispute. There is still need for a revised chapter 13 plan to resolve the debtors' financial affairs.

The debtors and the bank objected to Mr. Weible's fee application. The debtors' objected to a proposed increase in hourly rate from $300 an hour to $380 an hour. The debtors did not agree to the proposed increase and were under the impression that the proposed increase was already effective. In fact, no charges were made at the proposed higher rate. The debtors also objected to certain charges made at an hourly rate of $350. Mr. Weible intended to charge two different rates, depending on the service provided. The debtors did not have the same understanding. The written fee agreement supports Mr. Weible's stated intent. It shows handwritten strike-outs and

1

interlineations changing Mr. Weible's regular hourly rate of $350 which was typed in the written fee agreement to $300. However, not every reference to Mr. Weible's regular hourly rate of $350 was changed. Mr. Weible stated that the agreement was for a reduced hourly rate on those matters indicated in the written fee agreement, but at his regular hourly rate for the rest. The debtors thought that everything was to be billed at the reduced hourly rate. After the court observed that there could be some confusion on the part of the debtors as to whether all matters were to be billed at $300 an hour or only some, Mr. Weible voluntarily agreed that all matters would be billed at $300 an hour which resolves the debtors' objection.

Three hundred dollars an hour is a reasonable hourly rate for the services rendered and is consistent, albeit the lower end of the spectrum, with rates charged by other counsel who provide similar services in this court and community. The court notes that the agreed upon hourly rate of $300 an hour was an agreed upon reduction from Mr. Weible's usual hourly rate of $350 an hour which is also within the range of fees commonly charged by counsel in this court.

The bank objected for different reasons. The bank first argued that the application should be denied because the chapter 13 plan would not be feasible if there were an award of attorney's fees. The fact that a previously confirmed plan or a plan pending confirmation is not sufficiently funded to pay all attorneys' fee is not grounds for denying counsel the attorney's fees he has earned. It may well be that the plan cannot be confirmed or, if already confirmed, may not be funded sufficiently to pay the awarded fees. Those matters are different than the amount of fees to which an attorney is entitled. The court, in determining the amount of fees, may also determine when those fees may be paid including whether they are to be paid through the plan, outside the plan, or after the plan is completed.

The bank objected that Mr. Weible failed to satisfy his burden to prove that the fees were reasonable. The court was presented with counsel's time records, this court's docket and testimony. It is clear from the course of the litigation as reflected in both this court's docket and the time records that the time expended was reasonable and necessary. The hourly rate charged is a favorable rate to the debtors and well within the bounds of fees generally charged in this court.

The bank asserted that Mr. Weible was not successful in many of his claims and should not be compensated for that work. The essence of the case was to recover the property that the bank, according to the debtors, had wrongfully sold at foreclosure. Mr. Weible was successful. Title to the property is now vested in the debtors. It is not necessary for a party to be successful in every motion filed in a case. Indeed, it is unlikely that any lawyer in a particular case will be successful on every motion or action that he undertakes. Counsel is to be compensated based on the reasonable likelihood of a benefit at the time an action is taken. The test is not retrospective. An attorney's fee is not contingent on success. Success may be a factor. A fee may be enhanced by a spectacular success and may be reduced by a success that barely benefits the client. In this case, the time records reflect actions appropriate to the case and actions that were ultimately successful in recovering the property for the debtors. Those matters that were not wholly successful do not require deductions. 11 U.S.C. §330(a)(3) and (4).

The bank complained that there was no supporting documentation with respect to the expenses incurred. All expenses are itemized and are reasonable on their face. There is no assertion by the bank that any of the claimed expenses were not actually incurred. The manner in which the costs have been itemized in this case is acceptable absent a genuine issue as to the expenses themselves. Discovery is fully available in contested matters, such as this objection to the

application for compensation. It is not necessary to introduce receipts into evidence unless issue is joined as to those matters.

The court independently reviewed the time records and notes several additional matters. The time expended by a legal assistant is properly chargeable to a client in addition to the attorney's time. However, neither an attorney nor a legal assistant may charge for secretarial work. The work that an attorney or a legal assistant performs must be work that a lawyer or a legal assistant would normally undertake and must require legal skill. Work that may be performed by a secretary may not be charged by an attorney or a legal assistant. Such work is part of the attorney's overhead and is covered in his hourly rate. For example, the time entry for October 11, 2011, recites that it was to prepare envelopes for the brief in support of the Hassan's motion to enforce settlement agreement. On December 15, 2011, the time entry was to update Mr. Weible's calendar for upcoming court dates. In both instances, the work is properly secretarial. There are other instances that will not be included in the compensation awarded.

The court notes that Mr. Weible properly charged one-half time for travel time which is the appropriate charge for travel time in this court.

In computing the loadstar fee, the court used Mr. Weible's reduced hourly rate of $300 an hour, the associate's rate of $175 an hour, and the legal assistant's rate of $125 an hour. To the extent there were any increases or proposed increases from these initial rates, the initial rate was used. The court also considered the factors articulated by the Court of Appeals and specifically set out in 11 U.S.C. §330. In consideration of these factors, and after having reviewed the time records, the work performed and the results achieved, the court finds that the appropriate fee is

$71,909.20 plus expenses of $2,523.09.  The objections of the bank and the debtors are overruled.

Upon consideration of the foregoing, it is

ORDERED:

1.  Scott Alan Weible, PLLC, is awarded compensation in the amount of $71,909.20 and expenses of $2.523.09.

2.  The debtors will file a modified plan within 21 days.

DONE at Alexandria, Virginia, this 6th day of September, 2012.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Scott Alan Weible
Thomas P. Gorman
Ethan G. Ostroff

Copy mailed to:

Mohamed E. Hassan
Miriam A. Hassan
3500 James Madison Highway
Haymarket, Virginia 20169

17961